SAMUEL E. SEWALL, Administrator *vs.* EDWARD A. RAYMOND & others.

Under the Rev. Sts. c. 71, when an administrator, in a petition to the court of probate for license to sell the real estate of his intestate, describes the whole of the estate, and represents that it is necessary to sell the whole for payment of the intestate's debts and the charges of administration, the court, on being satisfied that such representation is true, need not grant a license in terms which allow the sale of so much of the estate as may be necessary to raise the sum required to pay the debts and charges, but may grant, in terms, a license to sell the whole.

BILL IN EQUITY. The plaintiff alleged that he, as administrator of the estate of Arthur French, late of Boston, presented a petition to the probate court, on the 8th of May 1843, representing that the just debts of said French amounted to $70,498·29; that the charges of administration on his estate

Sewall, Administrator *v.* Raymond & others.

amounted to $75; that the value of his personal estate was $26,771·05, being insufficient for the payment of said debts and charges, by the sum of $43,860·24 ; that his real estate [describing the several parcels thereof] had been appraised at $19,860 ; and that the plaintiff, in said petition, prayed that he might be licensed to sell the whole of said real estate for the payment of said debts and charges : That the court of probate, on the 12th of June 1843, after due notice to all persons interested, granted a license to the plaintiff to sell the whole of said real estate, specified in the aforesaid petition, for the purpose aforesaid : That the plaintiff, pursuant to said license, gave due notice, by advertisement, that he should sell two parcels [described] of said real estate at public auction, on the 10th of May 1844; that he put up the said parcels on said day, for sale at public auction, and that the defendant Raymond then bid for the same the sum of $5285·60, which was the highest sum bid therefor, and the same were accordingly sold to him : That the plaintiff was willing and ready to execute a deed conveying said parcels to said Raymond, and that said Raymond professed to be willing and ready to pay for said real estate and accept a deed of the same from the plaintiff, provided the plaintiff could make a good title thereto ; but that he pretended that the title which the plaintiff had offered him was not good, because the plaintiff was licensed to sell the whole of said French's real estate, whereas, under the facts stated in the plaintiff's aforesaid petition to the court of probate, said court was authorized only to license the plaintiff to sell so much of said French's real estate, as would be necessary to pay his debts and the charges of administration : On the contrary, the plaintiff alleged that said license was valid, and prayed that said Raymond might be compelled, by a decree of the court, specifically to perform his agreement for the purchase of said parcels of estate, and to pay the said sum of $5285·60.

The widow and heirs at law of said French were made parties to the bill, as defendants, and they and the said Raymond filed answers, in which no objection was made to the prayer of the bill, provided the said license was valid

*Sewall, pro se.*

*Ellis G Loring,* for the defendants.

SHAW, C. J. The single question in this case is, whether the complainant, administrator of the estate of Arthur French, was duly authorized by the license granted to him by the judge of probate, and whether his deed, under that license, will convey a good title to the purchaser. If it will, the respondent Raymond, who bid off the same at auction, is content to complete his purchase, and pay the price according to the terms of sale, and all parties in interest, by their answer, express their desire that it may be so done.

The license was granted on the petition of the complainant, representing that the personal estate of his intestate was insufficient, by the sum of forty three thousand eight hundred and sixty dollars, for the payment of his debts, and that his real estate was appraised at the sum of about twenty thousand dollars; whereupon the judge of probate granted a license authorizing the administrator to sell the whole of the real estate described in the petition.

The objection is, that the probate court had no authority to grant a license to sell the whole of the said real estate for the payment of debts, because by possibility it might exceed the amount of the debts ; and that a license in that form is irregular and invalid.

By the former act, *St.* 1783, *c.* 32, § 1, the court was authorized to license the sale of real estate by executors and administrators, for the payment of debts, "so far as the same" should "be necessary to satisfy the just debts which the deceased owed," &c. This might be considered as a limitation on the power of the court; and this power, it must be recollected, was exercised without notice to parties interested. Under that statute, we believe the practice was, to license the sale, in terms, of "so much of the real estate," even though there was the strongest probability that the sale of the whole would be necessary. But the revised statutes have made some alterations in this respect, and to some extent have enlarged the powers of the court. Rev. Sts. *c.* 65, § 8, and *c.* 71, §§ 1–8. Without

expressing any opinion upon the construction of the *St.* of 1783, whether a license in terms to sell the whole of the described estate would have been good, and whether a sale under such license would have been valid, when it was shown by the event that the sale of the whole was in fact insufficient, the court are of opinion, that under the revised statutes, when the representation of the administrator is, that it is necessary to sell the whole of the real estate of the intestate, describing it, for the payment of debts, and it is so proved to the satisfaction of the court granting the license, the court has authority to grant a license to sell the whole, and that a license in that form is good.

By statutes passed since that of 1783, executors and administrators are required to return an inventory of real estate, which was not then required ; so that the amount, condition and appraised value of the real estate, are before the court by a regular probate document, in the same manner as the condition and value of the personal property.

Under the Rev. Sts. *c.* 71, § 8, notice is to be given in all cases. By § 9, if the parties interested will give security to pay the debts, no license shall be granted. The course to be pursued, therefore, on a petition to obtain a license to sell real estate, is more in the nature of a judicial proceeding than under the former statute. The main provision bearing upon the subject is in § 3, which, after directing what shall be contained in the petition, as to the amount of the debts and charges, the value of the personal estate, and the value, description and condition of the real estate, provides, that " the court may, in all cases, when it is not necessary to sell the whole, decide and direct what specific part of the estate shall be sold." In this last clause, the term " estate " obviously means estate described and specified ; in other words, portions or parcels of estate capable of being designated and identified. The words, therefore, " when it is not necessary to sell the whole," carry a strong implication, that when it is necessary to sell the whole of such parcels, described and identified, the court may so order and direct. Sect. 10 gives full effect to a sale, under a license granted in conformity with its directions.

Whether the sale of the whole of certain described real estate will be necessary to raise a certain sum of money, must be matter of estimate and judgment, and cannot be known with certainty until the sale is actually made ; which at the time is future and unknown. The effect therefore of the provision, in its application to the subject matter, is, that if on inquiry it shall appear to the court to be necessary, the license shall be granted, and the sale under it be valid ; and if good at the time, it cannot be rendered void by the result of the sale, although it should show that the proceeds of the sale were more than sufficient to pay the debts, and so that the sale of the whole was not necessary. Even therefore if the sale should produce more than enough to pay the debts, being an unforeseen event, it could not relate back, and show that the license, granted conformably to the statute, was void.

In the case of *Litchfield* v. *Cudworth,* 15 Pick. 23, it was decided that where an administrator sold more than he was icensed to sell, the sale was void. But that was under the former statute, and he was licensed to sell only to a specific amount in dollars and cents, and he sold, by one entire sale, to a much larger amount. It was a sale of one entire estate, an equity of redemption ; and being clearly bad for part, it was held bad for the whole.

The construction which we adopt, we think is confirmed by other provisions of the revised statutes. Sect 4 of *c.* 71, directs, that when it is represented by the petition, "and shall appeal to the court, that it is necessary to sell some part of the real estate, and by such partial sale the residue of the estate, or of some specific part or parcel thereof, would be greatly injured, the court may license a sale of the whole of the estate or of such part thereof as the court shall think necessary ; " that is, as we understand, a parcel specified and described. In this clause, the words, "and shall appear to the court," indicate more distinctly that the court are to inquire, hear and determine upon the evidence presented. But such judgment must be founded on probabilities and estimated values, and not on certain knowledge ; because, though it may appear to the court necessary to sell a

part only, the event of the sale may show that a sale of the whole is necessary. Yet the license, granted conformably to such judgment, must be pursued, and we think may be safely pursued, and that sales made conformably to it would be valid. Sect. 6 provides, that when the administrator is licensed to sell more than is necessary for the payment of debts, that is, when it shall appear to the court granting the license, that the sale of the whole of an estate described is not necessary for the payment of debts, but that a partial sale would be injurious, and it would be for the interest of those entitled to the residue that the whole should be sold, the administrator shall give a separate bond. This does not apply to a case where the sale may unexpectedly exceed the amount necessary for the payment of debts ; but where it appears to the court, at the time, that it will be more than is necessary, and the administrator is therefore authorized, by the terms of the license, to sell the whole.

This, like the other clauses, shows that the license granted is the result of judicial inquiry and determination, and is founded on facts, as they may then appear, but are in their nature not capable of absolute certainty, but depend upon estimated values and the probable result of sales. The case thus being placed within the jurisdiction of the court, to hear and determine, upon the evidence, whether in their judgment it is necessary to sell the whole, or a specified part of the real estate described, and to grant a license accordingly ; if they come to the conclusion, upon the evidence, that the sale of the whole of such estate is necessary for the payment of debts, they have power to grant a license accordingly, and a sale under that license, made in all other respects conformably to law, is a valid sale, and will confer a good title on the purchaser.

*Specific performance decreed*